By the Court.—Sedgwick, J.
It seems to me clear that, so far as the complaint shows, the plaintiff placed his right to a recovery from the defendant solely on the ground that there had been false representations made by defendant to induce him to invest money in the business. Admitting his right to proceed for money had and received upon the avoidance of any contract connected with the transaction that the plaintiff made while an infant, yet he did not elect to bring his action on that state of facts, but upon the fraud. The plaintiff pleads that on or about July 1, *169 lie was, by the alleged false representations, induced to pay over to the defendant “ said sum of1 $1,000 for the purposes of said business.” The plaintiff then proceeds to state that about June 11 and about July 1, the plaintiff advanced certain moneys, upon condition that the sum should be repaid upon demand, but the defendant has wholly failed to repay the same, though payment thereof has been duly demanded, and that said amount of money “was thereafter, upon the formation of such partnership, allowed by the defendant as part of such $1,000, contributed as hereinabove mentioned, and constitutes a portion of the same.”
This part of the complaint is not made to constitute a second cause of action, as showing the right of the plaintiff to avoid, on the ground of infancy, the express contract, and to proceed for money had and received ; for in addition to the terms of this part, the complaint proceeds “ that the plaintiff upon ascertaining the falsity of the representations made by defendant as aforesaid, and upon the commencement of this action, has demanded a return to him, plaintiff, of the aforesaid $1,000 by the defendant,” who refuses, &c. If the complaint had disclosed an intention to make this a second cause of action, it would have been demurrable as joining a cause of action on contract with one for tort, although the objection would be waived if not taken before trial.
After the whole evidence was in, the motion was made to dismiss on the ground that an action for obtaining money by false representations, as stated in the complaint (the words of the objection were “ complained of”) would not lie, as they were only the expression of an opinion, and not the statement of a fact. There was no claim that the evidence sustained any part of the complaint as showing an action on contract for money had and received. If there had been such a claim, there would have been a statement of it, and the *170 court would have acted on it in an appropriate manner. 1*1 o doubt the matter was tacitly considered as the complaint left it, that the plaintiff was willing to have that part of his claim, as affected by his subsequent agreement that the money first advanced should be deemed part of the $1,000 which he only claimed in consequence of the alleged false representations. It would seem that until after the plaintiff had made all the advances, lie was ignorant that his infancy affected the rights of the parties, and there is no evidence that the defendant knew of the infancy until action was brought. There was no error in the ruling made by the court as to the false representations, and from the complaint and the whole case I am of opinion that no other claim was made.
Exceptions overruled, and judgment ordered for defendant, on the dismissal of the complaint with costs.
Sanford, J., concurred.